UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

D.J. MILLER MUSIC DISTRIBUTORS,
INC. D/B/A PROSING, A COLORADO
CORPORATION,

      Plaintiff,
v.                           Case No.:  8:09-cv-897-T-33TBM

JOHN E. STRAUSER A/K/A JACK E.
STRAUSER, AN INDIVIDUAL, JEAN M.
STRAUSER, AN INDIVIDUAL, KEVIN
MAHONEY, AN INDIVIDUAL, AND J.S.
KARAOKE, LLC, A FLORIDA LIMITED
LIABILITY COMPANY,

      Defendants.
_____/

**ORDER**

This cause is before the Court pursuant to Defendants Jean M. Strauser's and Kevin Mahoney's Motion to Dismiss Counts I and II of Plaintiff's Complaint, filed on June 29, 2009. (the "Motion" Doc. # 46). On July 17, 2009, Plaintiff filed a response in opposition to the Motion. (Doc. # 53).

For the reasons that follow, this Court denies the Motion.

I. **Factual Background and Procedural History**

The following factual discussion, taken from Plaintiff's complaint, is accepted as true for the purpose of addressing the Motion. Plaintiff D.J. Miller Music Distributors, Inc., d/b/a ProSing (hereafter "ProSing"), is a Colorado corporation

that conducts operations in Largo, Florida. Plaintiff purchased the service mark "PROSING," along with the domain name www.prosing.com and its associated Web site, in 2004. (Doc. # 1 at ¶ 15). Plaintiff and its predecessors in interest have marketed and sold karaoke products and services under the PROSING service mark since at least 1991. (Id. at ¶ 12). ProSing generates approximately three million dollars in annual revenue, with more than eight hundred thousand dollars generated through its Web sites. (Id. at ¶ 13).

Plaintiff registered the domain name www.prosing.com in March 2004, and several related domain names in February 2006. (Id. at ¶ 23). Historical domain name records show that these domain names remained registered to Plaintiff until April 2009. (Id.)

Defendant Jean M. Strauser was employed by Plaintiff as General Manager in Largo, Florida. (Id. at ¶ 19). Defendant Kevin Mahoney worked for Plaintiff in the Largo location as an independent contractor, and was in charge of maintaining the ProSing Web site and domain names. (Id. at ¶ 24). Defendants John E. Strauser and Jean M. Strauser are owners or principals of J.S. Karaoke, L.L.C., a business that competes directly with ProSing. (Id. at ¶ 20).

Mahoney, under the direction of the Strausers, transferred registration of Plaintiff's domain names from ProSing to J.S. Karaoke. (Id. at ¶ 25). The Strausers threatened to cancel ProSing's contract with its Internet service provider, take down ProSing's Web sites, and redirect the ProSing domain names to the J.S. Karaoke Web site unless Plaintiff paid them nearly $100,000. (Id. at ¶ 7).

On May 15, 2009, Plaintiff filed suit against Defendants. (Doc. # 1). Plaintiff's first claim asserts that Defendants violated the Anticybersquatting Consumer Protection Act (ACPA)[1], 15 U.S.C. § 1125(d), by transferring ownership of Plaintiff's domain names to J.S. Karaoke. (Id. at ¶ 37). Plaintiff's second claim seeks declaratory judgment of Plaintiff's ownership of the ProSing domain names. (Id. at ¶ 43).

On May 15, 2009, Plaintiff moved *ex parte* for a temporary restraining order and preliminary injunction enjoining the Strausers, Mahoney, and J.S. Karaoke from using the ProSing domain names (Doc. # 4), which the Court referred to the Magistrate Judge for Report and Recommendation. On June 10, 2009, the parties filed a Proposed Stipulated Preliminary

---

[1] Defendants refer to the ACPA as the "Federal Trademark Cyberpiracy Act."

Injunction Order (Doc. # 23, Ex. A), and the Magistrate Judge recommended that the Court approve it (Doc. # 24). The Court approved the stipulated preliminary injunction on June 19, 2009. (Doc. # 34).[2]

On June 29, 2009, Defendants Jean M. Strauser and Kevin Mahoney filed the Motion seeking dismissal of Counts I and II of Plaintiff's Complaint.[3] (Doc. # 46). The Motion is ripe for the Court's review.

---

[2] The Stipulated Preliminary Injunction Order states, in relevant part:
> [Defendants are] enjoined preliminarily until this Court's entry of a final judgment on the merits of the parties' respective pleadings:
> (a) from redirecting, transferring, or altering the ProSing Domain Names or their registration credentials, documents or records in any way whatsoever;
> (b) from asserting any control or ownership over the ProSing Domain Names (other than through the judicial process);
> (c) from registering, using, or trafficking in the ProSing Domain Names; and/or
> (d) from restricting ProSing's ability to revise, delete, replace, edit, or otherwise access or alter the websites to which the ProSing Domain Names resolve, or restricting ProSing's ability to revise, delete, replace, edit, or otherwise access or alter the underlying databases providing data for the websites to which the ProSing Domain Names resolve, in any way whatsoever.

(Doc. # 34 at 2-3).

[3] The other Defendants filed an Answer to the Complaint and do not join in the Motion.

## II. Legal Standard

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true.")

However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted). Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

## III. Analysis

Defendants Jean M. Strauser and Kevin Mahoney seek an order dismissing them from this suit because they are not

5

proper parties. In addition, Defendants argue that the complaint fails to state a claim against them that could subject them to liability, individually. The Court will address these issues in turn.

A. **Proper Parties**

Defendants argue that they should be dismissed from Plaintiff's complaint because they are not proper parties. (Doc. # 46 at ¶ 3). Defendants contend that only parties with an enforceable interest in the subject matter of the dispute need to be joined in a declaratory judgment action, such as the present case. (Doc. # 46 at ¶ 5). In support of this argument, Defendants rely upon Wright v. Incline Village General Improvement District, 597 F.Supp.2d 1191 (D. Nev. 2009), which holds that a third party is "necessary" and "must be joined if . . . the court cannot grant complete relief among the existing parties." Id. at 1205.

Although Wright is not binding on this Court, the Court acknowledges that it correctly states the law as to joinder.[4]

---

[4] The factual circumstances of Wright are inapposite to the present case. In Wright, the plaintiff alleged that a restrictive covenant and municipal ordinance denied him access to a public beach. 597 F.Supp.2d at 1197. The court required joinder of property owners who were the intended beneficiaries of the restrictive covenant after determining that they were necessary to the complete disposition of the action. Id. at

Rule 19 of the Federal Rules of Civil Procedure requires the joinder of a party necessary to the full disposition of the matter if joinder is feasible or the party is indispensable. Lisseveld v. Marcus, 173 F.R.D. 689, 695 (M.D. Fla. 1997). Under Rule 12(b)(7), a defendant may move to dismiss a claim for the plaintiff's failure to join a necessary party under Rule 19. Shibata v. Lim, 133 F.Supp.2d 1311, 1315 (M.D. Fla. 2000). This does not imply, however, that the opposite is true – that a defendant may move to dismiss a complaint on the grounds that he is an unnecessary party. Rule 19 does not refer to "unnecessary" parties, nor does compulsory joinder play into a motion to dismiss under Rule 12(b)(6).

Because Defendants are not arguing that a necessary party is absent, their reasoning is not a proper application of the law. Therefore, the Court declines to dismiss Plaintiff's complaint on the basis that Defendants are not proper parties to the action.

### B. The Anticybersquatting Consumer Protection Act

Defendants also argue that Plaintiff failed to state a claim against them that could subject them to liability individually. Defendants assert that a trademark violation

---

1207.

may be pursued against an individual only if that individual is a "moving force" behind the violation. (Doc. # 46 at ¶ 9). Defendants contend that Plaintiff has made no allegations against them sufficient to sustain the ACPA claim. (Id.)

The ACPA imposes civil liabilities on an individual who registers a domain name that consists of a registered trademark with a bad faith intent to profit from the use of that mark. 15 U.S.C. § 1125(d)(1)(A). Among the factors a court may consider in determining bad faith are the individual's intent to redirect consumers to an online location other than the mark owner's Web site for financial gain, and the individual's attempt to sell the domain name to the owner of the mark. 15 U.S.C. § 1125(d)(1)(B)(I).

Plaintiff correctly points out that individuals may be subject to liability for trademark violations because corporations act only through their officers or employees. (Doc. # 53 at 3); Chanel, Inc. v. Mesadieu, 6:08-cv-1557-Orl-31KRS, 2009 WL 2496586, at *7 (M.D. Fla. Aug. 12, 2009) ("If an individual actively and knowingly caused the infringement, he is personally liable" under the Lanham Act); Rolex Watch U.S.A., Inc. v. Bonney, 546 F.Supp.2d 1304, 1306 (M.D. Fla. 2008) ("An individual may be personally liable for trademark infringement only if he 'actively and knowingly caused the

infringement'"); Contemporary Rest. Concepts, Ltd. v. Las Tapas-Jacksonville, Inc., 753 F.Supp. 1560, 1565 (M.D. Fla. 1991) ("[I]t is well established that a corporate officer can be held personally liable for acts of trademark infringement if it is shown that the individual caused such acts to occur").

Plaintiff's complaint allegations are sufficient to survive Defendants' Motion to Dismiss. Plaintiff alleges that Jean Strauser is an owner or principal of J.S. Karaoke (Doc. # 1 at ¶ 5), that she "directed" Mahoney to transfer registration of ProSing's domain names (Id. at ¶ 25), and that she participated in the demand for payment for return of the domain names (Id. at ¶ 28). Further, Plaintiff alleges that Mahoney played an active role in transferring registration of Plaintiff's domain names without authorization and in bad faith. (Id. at ¶ 5).

Upon due consideration, this Court denies the Motion.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Defendants Jean M. Strauser's and Kevin Mahoney's Motion to Dismiss Counts I and II of Plaintiff's Amended Complaint (Doc. # 46) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>21st</u> day of September 2009.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record